MARCH 13,
  1875.            JONES *v.* CHASE.

*A decree of the judge of probate, not appealed from, is conclusive.*

APPEAL by the sureties on the bond of Horatio N. Mason, adminis-
trator of the estate of Johnson Rolfe, from a decree of the judge of
probate in the settlement of said Mason's administration account.   The
following causes of appeal were assigned: (1) Because said decree
charged said administrator with a balance of $4,502.87.   (2) Because
the administrator is allowed by said decree only the sum of $20 for his
personal services and commissions from June, 1871, to said December
24, 1872.   (3) Because by said decree the said administrator, although
insolvent, is charged upon his note due to said estate with a balance of
$900.30.   (4) Because by said decree the said administrator is charged
with the sum of $482.24, the same being for crops raised and pro-
duced on the farm of said Rolfe since his decease.   (5) Because the
said administrator by said decree is not credited with the amount of a
note for twelve hundred and fifty dollars and interest against the town
of Wilmot, dated June 3, 1870, belonging to said estate, and by said
administrator delivered to William M. Chase, administrator *de bonis non*
of said Rolfe's estate.

The cause was sent to an auditor, who reported as follows: Johnson
Rolfe, the intestate, was killed by being thrown from his carriage at
Wilmot, N. H., May 15, 1870.   Horatio N. Mason was appointed ad-
ministrator, May 24, 1870.   Johnson Rolfe left a large amount of real
and personal estate, and his estate was solvent.   Horatio N. Mason
settled his first administration account June 27, 1871, and the notice
contained an announcement that he would present at the time and
place of settlement his private claims against the estate, consisting of
two notes and a book account.   Those claims were presented, and the
sum of $133.56 allowed him thereon.   In this account, Mason charged
himself, among other things, with the proceeds of the crops raised on
the farm of the intestate, amounting to the sum of $482.24, and credited
himself with the expense of carrying on the farm $218.94, and with
certain items in the account of expense of administration, evidently
incurred in connection with the management of the farm, amount-
ing to $45.70, which, added to the expense of carrying on the farm
($218.94), makes the sum of $264.64, with which, in fact, Mason cred-
ited himself on account of the crops from the farm.   Deducting this
amount from the amount with which he charged himself for crops,
there remains a balance of $217.60 against him on account of the
crops of the farm, for which the appellants claim that they as sureties
for Mason are not responsible.   Mason absconded from Wilmot in
April, 1872, and has not returned.   At the December term, 1872, the
second account of Mason as administrator was settled in the probate
court of Merrimack county by William M. Chase, administrator *de bonis
non,* in which said Mason was charged with the balance of his former

account $5,362.79, in which balance was included the foregoing balance of $217.60 on account of the crops from the farm of the intestate, as well as with other items. From the settlement of this second account the appeal was taken. On the settlement of this second account there was found due from said Mason a balance of $4,502.87, with interest thereon from November 26, 1872.

The first ground of appeal is, that the balance thus found is too large. Under this ground of appeal nothing was proved except what is hereinbefore stated, and what is stated hereinafter in regard to the other reasons.

Under the second ground of appeal, no evidence was offered before me.

Under the third ground of appeal, no evidence that Mason was insolvent was offered before me; and I find that the administrator was rightly charged with the amount due from him to the estate upon the note for $1,000 to the sum of $900.30, as calculated by the appraisers, the same being assets in his hands, agreeably to the provisions of sec. 10 of ch. 177 of the Gen. Stats., and from the evidence before me I find that Mason was in fact solvent.

Under the fourth ground of appeal, I find the facts hereinbefore stated, and, if the appellants are not prevented from showing the facts stated in this report by reason that the crops were charged in the first account of Mason as settled in the probate court, from which no appeal was taken, and only the balance of that account included in the second one, I further find that the sum of $217.60, with interest thereon from June 27, 1871, should be deducted from the balance found remaining in the hands of Mason at the settlement of his second account, December 24, 1872.

Under the fifth ground of appeal, I find that Mason was credited in his first account with the sum of $1,300, being the amount of the note for $1,250, dated January 3, 1870, against the town of Wilmot, and $50 for interest thereon to September 1, 1870, the same having been received by the widow of the intestate in part of the allowance of $1,500 made to her by the judge of probate, being the note referred to in said fifth reason. If the appellants can avail themselves of the fact in this appeal, I further find that there was an error in the footing of the articles delivered by Mason to the widow in part of her allowance of the sum of $6, so that with the note last mentioned said Mason paid the widow in fact the sum of $1,506 instead of the sum of $1,500, which sum of $6, with the interest thereon from June 27, 1871, ought in justice and equity to be repaid by the widow to said Mason.

The report having been recommitted for a finding of further facts in reference to the Wilmot note, the auditor subsequently reported as follows:

In addition to the facts found in my former report as to the note mentioned in the fifth ground of appeal, I find the following facts: After the appointment of said Mason as administrator, an allowance of $1,500 was made to the widow of Johnson Rolfe by the

judge of probate for her present support, and said Mason paid her this allowance in part by household furniture belonging to said estáte, and the balance by said note, which note at the time of said payment amounted to $1,300, and was reckoned at that sum, and turned over to the widow for that, and she gave her receipt to said Mason for the whole fifteen hundred dollars, thirteen hundred dollars of which was paid by said note, and said note thereafter became the property of said widow. When Mason settled his first administration account, he credited himself therein with having paid the widow $1,500 in full for her allowance, but did not charge himself with the amount of said note, so that it only appeared that he had been credited for the amount of the note. In his second account he was properly charged with the amount of this note, at the December term, 1872, of the probate court, thus correcting the error of the first account. After said note had become the property of the widow as part of her allowance as aforesaid, said Mason retained the same in his possession for her, and got the same renewed by the town of Wilmot, taking a new note for the amount of the old one, payable to himself or bearer. I find that the new note, given in renewal of the old one, was, like the old one, the property of the widow, and still remains so, and said Chase received the same for her and as her attorney, and that the account from which the appeal was taken is correct, so far as this note of the town of Wilmot is concerned, and that it ought not to be charged in any respect on account thereof.

ASA FOWLER, *Auditor.*

December 17, 1874.

*Flanders, Pike & Blodgett,* and *Shirley,* for the appellant.

*Sargent & Chase,* for the appellee.

LADD, J. I think the report of the auditor shows that none of the alleged reasons of appeal are made out. Little need be said in addition to what appears in the report.

As to the crops and expenses of carrying on the farm, that matter was adjudicated and passed into a decree at the first settlement. No appeal was taken from that decree, and we cannot regard the question as before us on this appeal. *Mathes* v. *Bennett,* 21 N. H. 188, 201.

The auditor finds that Mason was in fact solvent; the debt due from him to the estate was therefore rightly treated as assets in his hands. Gen. Stats., ch. 177, sec. 10 ; *Norris* v. *Towle,* 54 N. H. 290.

The report shows that he has been charged but once for the Wilmot note, and that is right.

As to the six dollars overpaid to the widow, no reason is seen why he should not be held to account for that as much as though he had misapplied the same sum belonging to the estate in any other way.

CUSHING, C. J., and SMITH, J., concurred.

*Decree of probate court affirmed.*